IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-228-FL

| | |
|---|---|
| SELF-HELP VENTURES FUND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| EDDIE N. POWELL and wife, TERESA W. POWELL; and UNITED STATES DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, | ) ) ) ) |
| | ) |
| Defendants. | ) |

This matter is before the undersigned on the Motion for Entry of Default as to Defendants Eddie N. Powell and wife, Teresa W. Powell [DE-12]. For the reasons stated below, the motion is DENIED without prejudice.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff's counsel has submitted a declaration that she has received no form of responsive pleading from Defendants Eddie N. Powell and Teresa W. Powell. These defendants, however, have no obligation to file and serve a responsive pleading until properly served. *See Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), *Henderson v. Los Angeles Cnty.*, No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and

therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); *see also* Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff's motion references an affidavit of service filed in state court and omitted from the state court pleadings filed with the notice of removal. Plaintiff has not, however, filed another copy of that affidavit of service in connection with the instant motion. With no adequate proof of service, the clerk cannot find that entry of default is appropriate.

Accordingly, the Motion for Entry of Default as to Defendants Eddie N. Powell and wife, Teresa W. Powell [DE-12] is DENIED without prejudice to renew within 30 days. Any new motion for entry of default must be supported by proof service as mandated by the Federal Rules of Civil Procedure.

SO ORDERED. This the 16th day of December, 2015.

_____
Julie Richards Johnston
Clerk of Court

2
Case 7:15-cv-00228-FL   Document 16   Filed 12/16/15   Page 2 of 2