UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| SELF-HELP VENTURES FUND,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>EDDIE N. POWELL and wife,<br>TERESA W. POWELL; and UNITED<br>STATES DEPARTMENT OF TREASURY,<br>INTERNAL REVENUE SERVICE,<br><br>　　　　　　　Defendants. | Case No. 7:15-CV-228-FL |

## DEFAULT JUDGMENT AGAINST
## DEFENDANTS EDDIE N. POWELL and wife, TERESA W. POWELL

**THIS MATTER** came on to be considered by the undersigned Judge presiding over the United States District Court for the Eastern District of North Carolina upon Plaintiff's Motion for Default Judgment against Defendants **EDDIE N. POWELL and wife, TERESA W. POWELL**. The Court having reviewed the pleadings, with attached exhibits, the respective arguments of the parties, and the pertinent authorities, the undersigned makes the following findings of fact and conclusions of law:

　　　　1.　　Plaintiff Self-Help Ventures Fund ("Plaintiff") commenced this action on August 14, 2015 by filing a Notice of *Lis Pendens* and Verified Complaint in the state court action (*Self-Help Ventures Fund v. Eddie N. Powell,* et al.; 15-CVS-910, Sampson County, NC).

　　　　2.　　On or about August 21, 2015, Plaintiff properly served Defendants Eddie N. Powell and wife, Teresa W. Powell ("the Powells") with a Civil Summons, Notice of *Lis Pendens*, and Verified Complaint via certified mail, return receipt requested, as evidenced by the Affidavit of Service properly filed in the court record.

　　　　3.　　On October 14, 2015, a Notice of Removal was filed by the United States Department of Treasury, Internal Revenue Services in the United States District Court of the Eastern District of North Carolina, said Court having jurisdiction over the subject matter of this action and Defendants.

　　　　4.　　On December 17, 2015, Plaintiff filed its Motion for Entry of Default as to the Powells, along with the Declaration of Amy Hunt.

5. On January 13, 2016, the Clerk of Court for the Eastern District of North Carolina entered default as to the Powells.

6. This Court has jurisdiction over both the subject matter and parties in this action.

7. On or about November 17, 1995, the Powells obtained title to several tracts of real property as described in that deed recorded in Book 1218, Page 209 of the Sampson County Public Registry with a legal description of seven tracts of land ("the Deed").

8. Tracts 2 and 6 (as described in the Deed) are collectively known as parcel identification number 08014592505 and currently have a medical building located on it. Hereinafter, Tracts 2 and 6 (as described in the Deed) will be referred to as "the Medical Property".

9. On or about November 12, 1999, the Powells borrowed $298,000.00 from Plaintiff, as evidenced by a promissory note ("the Note") and secured by that deed of trust recorded on February 18, 2000 in Book 1351, Page 32 of the Sampson County Public Registry ("the Deed of Trust").

10. All parties to the Deed of Trust transaction intended that the Deed of Trust would encumber the Medical Property; however, as a result of a mutual mistake of the parties and/or a scrivener's error, the Deed of Trust describes only Tracts 6 and 7 from the Deed and omits Tract 2, as intended by all parties. In essence, the legal description in the Deed of Trust describes only half of the Medical Property, instead of the entire Medical Property, as intended by all parties.

11. The Powells remain the record owners of the other half of the Medical Property (Tract 2 as described in the Deed).

12. Plaintiff remains the current holder of the Note and beneficiary of the Deed of Trust.

13. Plaintiff did not discover, and could not reasonably have discovered, the error in the legal description in the Deed of Trust until in or about March of 2014.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED** that Default Judgment is entered in favor of Plaintiff and against Defendants **EDDIE N. POWELL and wife, TERESA W. POWELL**, and it is hereby ordered as follows:

(1) The Court hereby declares that the Deed of Trust is reformed to reflect the intent of the parties by reforming the legal description in the Deed of Trust to include the entire Medical Property as follows:

> TRACT 2:
> BEGINNING at a point in the North edge of Roseboro Street and the West edge of West Street in the Northwest corner of said street and runs Westwardly with the North edge of Roseboro Street 25 ½ feet to the center of S.B. Stevens and Lula J. Stevens wall; thence

Northwardly with the center of S.B. Stevens and Lula Stevens wall 60 feet to the end of said wall and past the end of said wall 10 feet to a stake, Stevens corner; thence Eastwardly parallel with Roseboro Street 25 ½ feet to a stake in the west edge of West Street; thence southwardly with the west edge of West Street 70 feet to the BEGINNING corner, making a lot 25 ½ x 70 feet.

TRACT 6:
BEING a part of Lot #7 as laid down in the original map or plat of the Town of Roseboro, said map or plat being duly and properly recorded in the Office of the Register of Deeds of Sampson County, reference to which said map or plat is hereby made, and being that part of Lot No. seven as per the following description, to-wit:

BEGINNING at a point on the North edge of Roseboro Street 47 ½ feet from the Northwest corner of Roseboro and West Streets in the center of A.J. Simmons' wall and runs Northerly with the center of A.J. Simmons' brick wall and past the end of his wall 70 feet to a stake; thence Easterly parallel with Roseboro Street 22 feet to a stake; thence Southerly parallel with the corner of A.J. Simmons' wall 70 feet to the North edge of Roseboro Street; thence Westerly with the North edge of Roseboro Street 22 feet to the corner of A.J. Simmons' wall, the beginning corner, making a lot 22 by 70 feet. This being the same property de4eded by S.B. Stevens, et al. to M.J. Crumpler, said deed dated July 12, 1913, and recorded in the Office of the Register of Deeds for Sampson County in Book 237 at page 48.

TRACT 7:
Adjoining the above-described lot, being the same property described in deed from R.P. Howell, et al. to M.J. Crumpler, said deed dated July14, 1913 and recorded in the Office of the Register of Deeds of Sampson County in Book 237, at Page 50, reference to which is hereby given and made a part of this description for a more perfect and complete description of the said tract as bounded as follows:

BEGINNING at a stake the Southwest corner of D.W. Tart's lot (35 x 40 feet) (now owned by W.T. Bryan Estate) bought of R.P. Howell and wife, Fannie D. Howell of date of July 3, 1913, the said corner being 40 feet from the West edge of West Street and 80 feet from the North edge of Roseboro Street; thence Northwardly parallel with West edge of West Street 35 feet to D.W. Tart's (now W.T. Bryan Estate) Northwest corner; thence Westwardly parallel with Roseboro Street 27 ½ feet to a stake J.G. Rayfield Northeast corner; thence Southerly with J.G. Rayfield line and parallel with

West Street 15 feet to a stake, A.J. Simmons' corner; thence East-wardly parallel with Roseboro Street 20 feet to a stake A.J. Simmons' Northeast corner; thence Southwardly with A.J. Simmons' line and parallel with West Street 20 feet to a stake in line of 10 feet alleyway; thence Eastwardly parallel with Roseboro Street 7 1.2 feet to the BEGINNING corner.

and such reformation to relate back to the original recording of the Deed of Trust on February 18, 2000;

(2) The Court hereby declares that the Medical Property is and has been held by the Powells in a constructive trust for the benefit of Plaintiff's Deed of Trust;

(3) The Court hereby declares that Plaintiff has a valid first lien against the entire Medical Property, superior to the interests of the Powells; and

(4) The Court hereby instructs the Sampson County Register of Deeds to record and index this Judgment in the name of all parties, under both the grantor and grantee indexes.

This the 7th day of _____June____, 2016.

_____
United States District Court Judge